## W. G. Haag, Appellant, v. Board of Education School District No. 158, Appellee.

### Gen. No. 10,324.

Opinion filed March 8, 1949.
Rehearing denied May 3, 1949. Released for publication May 4, 1949.

CHARLES C. STADTMAN, of Woodstock, for appellant.

RAYMOND I. KELLEY, of Huntley, for appellee; D. T. SMILEY, of Woodstock, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court.
On August 29, 1945, pursuant to the action taken at a meeting of the Board of Education of District No. 158 of McHenry county, held on August 20, 1945, a contract was executed by Wesley G. Haag and said Board of Education by the provisions of which Mr. Haag agreed to teach in said school district for twelve months for the school term beginning September 4, 1945, for an annual salary of $4,000 payable in equal instalments at the end of each month. In accordance with the provisions of this contract Mr. Haag taught the entire year and received the salary therein mentioned.

On March 29, 1946, pursuant to the action taken at a meeting of the same Board of Education held on March 25, 1946, another contract was executed by the parties which provided ''that said W. G. Haag shall teach for nine months in said school district for the term beginning September 3, 1946, for the annual salary of $4,050 payable in equal installments at the end of each school month.''

On August 5, 1947, the Board notified Mr. Haag by registered mail that his services were no longer required, advised him that he need not meet with the Board at its next regular meeting and requested him to remove his personal property from the school. In compliance with this request Mr. Haag delivered the keys to the Board but in September 1947, he appeared at the school ready to assume his duties but was told by a representative of the Board that he was not wanted. Thereafter and on September 26, 1947, he filed his petition in the circuit court of McHenry county against said Board of Education praying for a writ of mandamus commanding the Board to reinstate him to his position as teacher and pay him his salary from September 8, 1947, and also pay him his salary in the future according to the terms of his continued contract. Subsequently the petition was amended and an answer was filed to the petition as amended and a reply was filed to the answer. After the issues had been made up the cause was heard by the court resulting in a finding and judgment in favor of the defendant and the plaintiff appeals.

The instant petition as amended alleged that petitioner served the defendant under a contract as superintendent of schools for twelve months beginning September 4, 1945, and that on March 29, 1946, he entered into a second contract with the Board of Education to serve as superintendent of schools of said district for the school term beginning September 3, 1946, by the terms of which he served the district under the terms

of said contract for the entire 1946–1947 term and that by virtue of his services of said school district for two consecutive years, the petitioner became eligible for contractual continued service under the Illinois Teacher Tenure Law and that he automatically entered into contractual continued service with said school district. Included in the petition was a copy of the two contracts, the first dated August 29, 1945, providing that appellant was employed to teach for twelve months beginning September 4, 1945, and the second contract, dated March 29, 1946, which provides that appellant should teach nine months for the school term beginning September 3, 1946.

In *Anderson v. Board of Education of School Dist. No. 91,* 390 Ill. 412, it was held that the term "years" so used in the Teachers Tenure Law meant calendar years and that in order to state a cause of action thereunder it must appear that there was a probationary period of two consecutive years of teaching service.

In *Wilson v. Board of Education of School Dist. No. 126,* 394 Ill. 197, it appeared that the petitioner had been superintendent of schools of the defendant district for many years and his petition alleged he was superintendent of schools of the school district for the fiscal year beginning July 1, 1941 and ending June 30, 1942, and that he had been superintendent for the fiscal year beginning July 1, 1942 and ending June 30, 1943. The Teachers Tenure Law became effective on July 21, 1941, and in the opinion in the *Wilson* case the court said that the petition showed that one year, eleven months and eight days of the period of employment served by petitioner was after the date of the Act and that the part of the period lacking two years was served prior to the date the Act became effective. The court then said (p. 201) "While in the present case it appears the probationary period lacked but a short time of being the full two years, still, it is a condition imposed by the Act before the teacher is entitled to

the benefits of it. In the *Anderson* case (*Anderson v. Board of Education of School Dist. No. 91,* 390 Ill. 412) we have construed the meaning of ''years'' and what is required to establish a probationary period, and held they were essential elements to establish a teacher's rights under the Act and, in a complaint seeking to enforce them, were necessary to be stated.

The pleadings and evidence in the instant case disclose that appellant has not brought himself within the provisions of the Teachers Tenure Law and is not entitled to the relief sought.

The judgment of the circuit court of McHenry county will be affirmed.

*Judgment affirmed.*