STATE of Alaska, Appellant,

v.

Colleen REDMAN, Appellee.

No. 1431.

Supreme Court of Alaska.

Nov. 30, 1971.

John E. Havelock, Atty. Gen., Juneau, Stephen Cooper, Dist. Atty., Lyle R. Carlson and William Christian, Asst. Dist. Attys., Fairbanks, for appellant.

Joseph W. Sheehan, Rice, Hoppner, Blair & Associates, Fairbanks, for appellee.

Before BONEY, C. J., and RABINOWITZ, CONNOR and ERWIN, JJ.

## OPINION

RABINOWITZ, Justice.

Colleen Redman brought a declaratory judgment action in which she also sought compensatory damages from the State of Alaska. Redman prevailed below where a partial summary judgment was entered in which the trial court held that Redman was a tenured teacher who had been improperly dismissed. We affirm.

Alaska's Education Code provides that a teacher acquires tenure rights when he:

(a) (1) possesses a standard teaching certificate;

(2) has been employed as a teacher in the same district continuously for two full school years and is re-employed for the school year immediately following the two full school years.

(b) The tenure rights acquired under (a) of this section become effective on the first day the teacher performs teaching services in the district during the school year immediately following the two full school years.[1]

In July of 1967 Colleen Redman was hired by Alaska's Department of Education as a Home-School Coordinator under the Boarding Home Program in Fairbanks. Memoranda of Agreements were initially used to hire Redman for the period covering August 1, 1967, to October 31, 1967, on a half-time basis. Then on November 1, 1967, the Department of Education and Redman entered into a contract in which it was agreed that she would work the remainder of the school year on a half-time basis. Pursuant to this latter contract, Redman was considered a teacher and was given a provisional teaching certificate retroactively dated to September 1, 1967.[2] Subsequently Redman was hired on a full-time basis as a Home-School Coordinator for the 1968–69 and 1969–70 school years. During this period Redman obtained a standard teaching certificate. The state concedes that Redman's employment during the 1968–69 and 1969–70 school years qualifies towards attainment of tenure rights, but disputes Redman's contention that her employment for the 1967–68 school year can be counted towards fulfillment of the two full school years prerequisite established by AS 14.-20.150(a) (2). The crux of the position of the state Board of Education is that Colleen Redman was not continuously employed for two full years as required by subsection 2 of AS 14.20.150(a) because she only worked half days during the school year 1967–68.[3] We fail to find any provision of our statutes concerning education which requires, or to perceive of any persuasive policy reasons why, a teacher must work full days throughout the school year in order to attain tenure rights. No legislative intent to exclude a teacher who works less than full days is manifest from our study of the applicable statutes.

We think the reasoning of the court in Sherrod v. Lawrenceburg School City, 213 Ind. 392, 12 N.E.2d 944 (1938), is persuasive and dispositive of the state's argument that a teacher must be a full-time teacher in order to attain tenure under AS 14.20.-150(a) (2). In that case it was contended that tenure was not achieved because the teacher was a part-time teacher who did not teach classes every day, but only taught

---

1. AS 14.20.150.

2. The Department of Education required that anyone holding the position of Home-School Coordinator have a teaching certificate.

3. AS 14.20.207 broadly defines the term "teacher" as
   a person serving in a teaching, counseling, or administrative capacity and required to be certificated in order to hold the position.

twelve school days in each month. In rejecting this position, the court in *Sherrod* said:

> There can be no merit in this contention. She was not an occasional teacher, who taught intermittently as a substitute or otherwise. She was a regular teacher. The law does not require that teachers shall teach every day, or every hour of every day. Such subjects as art or music may require fewer hours of teaching. This is in the discretion of the school authorities. But appellant was undoubtedly regularly employed, teaching the same subject a given number of days per month, over a period of years, and must be considered a regular teacher.[4]

█ Since Colleen Redman worked continuously throughout the full 1967–68 school year, we hold that the fact that she was employed half time did not make that year's employment incompetent for purposes of acquisition of tenure rights. Tenure laws are intended to give job security to experienced teachers and to ensure that they will not be discharged for inadequate reasons. A system of tenure has as its objective the retention of able personnel after they have undergone an adequate period of probation with the concomitant result

that more talented personnel will be attracted to enter the teaching profession. McSherry v. City of St. Paul, 202 Minn. 102, 277 N.W. 541 (1938). In the case at bar Redman fulfilled her duties during the 1967–68 school year on a regular basis. Her employment during this first school year and her full-time employment during the ensuing full 1968–69 school year afforded the Board of Education an adequate opportunity to observe the quality of her performance. Redman's situation is analogous to that of a music or art teacher who, because of the specialized nature of his skills, may teach less than a full school day. When such a teacher's duties are regular and substantial enough to afford intelligent evaluation, we perceive little in the way of persuasive policy considerations for excluding such service from the ambit of our tenure laws.

█ We therefore hold that by virtue of her employment during the full school years 1967–68, 1968–69, Colleen Redman attained tenure rights, and that the Department of Education's attempt to dismiss her in June of 1970 was ineffectual under our statutes.[5]

The declaratory judgment of the superior court is affirmed and the case remanded for determination of the damages issues.[6]

---

4. 12 N.E.2d at 944–945. *See also* State ex rel. Saxtorph v. District Court, Fergus County, 128 Mont. 353, 275 P.2d 209, 215–216 (1954).

5. AS 14.20.140(a) provides:
   If a teacher who has acquired tenure rights is not to be retained for the following school year, the employer shall notify the teacher of the nonretention by writing, delivered before March 16, or by registered mail postmarked before March 16.
   Regarding the failure to give notice in accord with the foregoing, AS 14.20.145 provides:
   If notification of nonretention is not given according to § 140 of this chapter a teacher is entitled to be reemployed

in the same district for the following school year on the contract terms the teacher and the employer may agree upon, or if no terms are agreed upon, the provisions of the previous contract are continued for the following school year, subject to § 158 of this chapter. The right to be re-employed according to this section expires if the teacher does not accept re-employment within 30 days after the date on which the teacher receives his contract of re-employment.

6. This appeal is not from a final order or judgment. We have decided to review the matter under the authority of Braund, Inc. v. White, 486 P.2d 50, 53 (Alaska 1971).