**INDEPENDENT SCHOOL DISTRICT NO. 10 OF SEMINOLE COUNTY, State of Oklahoma, Appellee,**

v.

**Wayne LOLLAR, Appellant.**

**No. 48447.**

Court of Appeals of Oklahoma, Division No. 1.

Jan. 13, 1976.

Rehearing Denied Feb. 17, 1976.

Certiorari Denied March 23, 1976.

Released for Publication by Order of Court of Appeals March 25, 1976.

Edwards & French by Larry L. French, Seminole, for appellee.

Fred Gipson, Seminole, for appellant.

ROMANG, Judge:

The judgment from which this appeal is prosecuted by the respondent, Wayne Lollar, reads in pertinent part as follows:

"That this action was filed pursuant to the provisions of Title 12, Oklahoma Statutes, Sections 1651 et seq. requesting that a declaratory judgment be issued relative to the rights, responsibilities and other legal relationships as to the parties cited in this action.

"By virtue of the evidence presented in open Court, the respondent herein does not qualify as to the provisions of Title 70, Oklahoma Statutes, Section 6–122, to-wit, the status of tenure, and his current status as an employee with petitioner herein is that of a non-tenured or otherwise, probationary employee, the court specifically finding that respondent as of this date has not completed three continuous years, nor has been rehired for a fourth year with the petitioner herein, or during his service with Dependent School District #32 of Seminole County, State of Oklahoma.

"This Court further finds that Dependent School District #32 of Seminole County, State of Oklahoma, initiated and did in fact annex itself to the petitioner herein, and therefore, the provisions of Title 70, Oklahoma Statutes, Section 6–122.1 are not applicable in this case."

,70 O.S.Supp.1974, § 6–122 provides:

"The failure by the board of education to renew the contract of any teacher who has completed three (3) years shall not be effective, and the contract shall be renewed unless the board causes to be served on the teacher a written statement of the causes for such action, which must include one of the following: immorality, wilful neglect of duty, cruelty, incompetency, teaching disloyalty to the American Constitutional system of government, or any reason involving moral turpitude."

70 O.S.Supp.1974, § 6–122.1 provides:

"No teacher who has accumulated tenure in one school district shall lose that accumulated tenure, if that school district is annexed, either voluntarily or involuntarily, by another school district. The annexing district shall give said teacher credit for all tenure accumulated while teaching in the annexed district."

The background facts essential to an understanding of this case are: By a school district annexation election, held on January 14, 1975, in Dependent School District No. 32 of Seminole County, Oklahoma, that school district was annexed to Independent School District No. 10 of Seminole County, Oklahoma. The annexation became effective on February 6, 1975. This action was filed on February 21, 1975.

At the time of said annexation, respondent was a teacher in District No. 32, where he had taught half-days during the school term of 1971–1972, but was under regular contract for the school terms of 1972–1973, 1973–1974, and 1974–1975.

We will first consider the question of whether the respondent's teaching of half-days during the school term of 1971–1972, would prevent the counting of that term on his tenure.

In *State v. Redman*, 491 P.2d 157 (Alaska 1971), the court opinion reads in part:

". . . The crux of the position of the state Board of Education is that Colleen Redman was not continuously employed for two full years as required by subsection 2 of AS 14.20.150(a) because she only worked half days during the school year 1967–68. We fail to find any provision of our statutes concerning education which requires, or to perceive of any persuasive policy reasons why, a teacher must work full days throughout the school year in order to attain tenure rights. No legislative intent to exclude a teacher who works less than full days is manifest from our study of the applicable statutes.

\*      \*      \*      \*      \*      \*

". . . Tenure laws are intended to give job security to experienced teachers and to ensure that they will not be discharged for inadequate reasons. A sys-

tem of tenure has as its objective the retention of able personnel after they have undergone an adequate period of probation with the concomitant result that more talented personnel will be attracted to enter the teaching profession.

\* \* \* \* \* \*

". . . When such a teacher's duties are regular and substantial enough to afford intelligent evaluation, we perceive little in the way of persuasive policy considerations for excluding such service from the ambit of our tenure laws."

In connection with the question at hand, we notice in 78 C.J.S. Schools and School Districts § 180, p. 1022, the following:

"Under a statute making no separate classification of 'part-time' teachers insofar as attainment of tenure is concerned, the fact that during part of the probationary period a teacher was employed as a part-time teacher does not require the exclusion of such time from the probationary period, where such teacher was in continuous employment of a substantial character for the entire period, . . . ."

Section 6–122 merely provides that "The failure by the board of education to renew the contract of any teacher who has completed three (3) years shall not be effective," without making any distinction between part-time and full-time teachers. Consequently we conclude that the school term of 1971–1972 counted as one.year on the respondent's tenure. We further conclude that under the facts of this case, each of the school terms of 1972–1973, 1973–1974, and 1974–1975, should be counted on the tenure of the respondent, and thus he had accumulated four years on his teacher's tenure, which District No. 10. is bound to honor under Section 6–122.1.

Petitioner's assertion that Section 6–122.-1 is unconstitutional, is not a question properly before us for review.

Petition further asserts in its answer brief as follows:

". . . [R]espondent herein was not properly certified to continue beyond June 30, 1975, in any capacity with either the former school district No. 32 or with petitioner."

In this regard, at the time of the annexation, respondent was teaching both elementary and secondary grades in District No. 32. For grades one through six he had a temporary elementary certificate. For grades seven through twelve he had a lifetime teacher's certificate. Since respondent was teaching grades covered by his lifetime certificate, we find no validity in this argument.

Petitioner further asserts in its answer brief as follows:

"Petitioner had nothing whatsoever to do with the annexation of Dependent School District No. 32 to petitioner, nor did it have any control over the proceedings initiated and/or concluded."

Included in the transcript of evidence before us, is a copy of the "Board of Education Resolution Requesting Annexation Election" which is signed by four members of the Board of Education of District No. 10, requesting the County Superintendent to call an election in District No. 32 for the purpose of voting on its annexation to District No. 10. Also, in this regard 70 O.S.Supp.1974, § 7–101 provides in part:

". . . an annexation election may not be held unless the boards of education of the affected districts concur therein, . . . ."

Petitioner's argument that it "had nothing whatsoever to do with the annexation," is completely without foundation.

Petitioner further asserts "that teacher's tenure applies only to offices supported by state funds, not programs supported by federal funds" and that "commencing 1971 and running through 1974" respondent's "salary was paid 83% worth in federal monies . . . ." In support of this position, petitioner relies on the case of *Thompson v. East Baton Rouge*

*Parish School Board,* 303 So.2d 855 (La. 1975), which this court has examined, and finds not to be controlling in the instant action.

70 O.S.1971, § 17–101 provides in part:

" 'Classified Personnel' shall mean any teacher, principal, superintendent, county superintendent, supervisor, administrator, librarian, certified or registered nurse, college professor, or college president whose salary is paid wholly or in part from public funds."

This Court can find no distinction in the Oklahoma Statutes, as far as teachers' salaries are concerned for tenure purposes, which requires that any particular percentage thereof must be paid from State funds as distinguished from Federal funds. Both State and Federal funds are "public funds," and even if 83% of respondent's salary was paid from Federal funds, that, in itself, would not keep him from acquiring tenure.

■ Petitioner further contends that since District No. 32 voted to annex itself to District No. 10, as distinguished from District No. 32 being annexed by District No. 10, that § 6–122.1 has no application. We find this argument to be wholly lacking in any merit. Such a result would defeat the whole intent and purpose of § 6–122.1 as we interpret it. The purpose of the law is to protect the tenure of the teachers in both school districts when there is an annexation, regardless of how the annexation comes about.

It is the judgment of this court that § 6–122.1 does apply as regards the tenure of the respondent in his relationship to the petitioner, District No. 10; and it is the further judgment of this Court that said respondent was entitled to a credit of four years on his tenure at the time said annexation became effective in February, 1975.

Having reached this result, we consider it unnecessary to deal with the other arguments advanced.

REVERSED.

REYNOLDS, P. J., and BOX, J., concur.