OPINION
 

 COMPTON, Justice.
 

 This appeal raises the question whether a Dalton Highway permittee must indemnify the state for its costs and attorney’s fees incurred in the successful defense of a negligence claim. The superior court ruled that the state is not entitled to indemnification. For the reasons set forth below, we affirm.
 

 I. FACTUAL AND PROCEDURAL BACKGROUND
 

 Cleofe Freeman, an Alyeska Pipeline Service Company (Alyeska) employee, sued the state when she was injured on the Dalton Highway, alleging that the state negligently failed to control dust on the highway.
 
 Freeman v. State,
 
 705 P.2d 918 (Alaska 1985). The state brought Alyeska into the suit as a third party defendant on the basis of an express indemnity provision in Alyes-ka’s highway use permit.
 

 The trial court entered summary judgment against Freeman, concluding that the state was not liable to Freeman because its decision not to implement dust abatement procedures was a planning decision within the discretionary function immunity exception to the Tort Claims Act. We affirmed.
 
 Id.
 

 The state then sought full attorney’s fees and costs from Alyeska. Alyeska moved for summary judgment, arguing that (1) the indemnify provision is void as against public policy, (2) the Department of Transportation lacked statutory authority to promulgate the indemnify regulation, (3) the provision constitutes a “toll” in violation of federal highway legislation and (4) it imposes an unlawful burden on interstate
 
 *78
 
 commerce. The superior court entered summary judgment for Alyeska without specifying its reason, and the state appealed.
 

 II. STATUTORY AUTHORITY TO PROMULGATE 17 AAC 30.050
 

 Alyeska contends that the state exceeded its statutory authority in promulgating the highway permit indemnity regulation, therefore it is invalid under the Administrative Procedures Act, AS 44.62.010-650. The state argues the regulation is consistent with state statutes and necessary to carry out its duties.
 

 The state has a statutory duty to control the state highway system, AS 19.05.010, AS 19.05.030(1), and is authorized to promulgate necessary regulations, AS 19.-05.020. Its enumerated powers include the rights to control access to highways and to collect tolls, fees and charges for the use of state highways. AS 19.05.040.
 
 [1]
 
 However, the state also has a statutory duty to maintain the highway and keep it open for industrial and commercial traffic. AS 19.40.-100(a).
 
 [2]
 

 The state’s regulations prohibit travel on the Dalton Highway without a permit. 17 AAC 30.010.
 
 [3]
 
 The permit must contain the following indemnity provision:
 

 The permittee shall indemnify and hold harmless the state and its representa-fives, agents, and employees from all suits, actions, or claims of any character brought because of any injuries or damages sustained by any person or property in consequence of any act or omission, in any way related, directly or indirectly, to the issuance or use of the permit, of the permittee, its representatives, agents or employees, or of the State of Alaska, its representatives, agents, or employees, or of any other person.
 

 17 AAC 30.050(b) (eff. 10/15/78).
 

 Regulations promulgated by an executive department must be authorized by statute. AS 44.62.020.
 
 [4]
 
 Furthermore, a regulation must be consistent with and reasonably necessary to carry out the purpose of the authorizing statute. AS 44.62.030.
 
 [5]
 
 A regulation is consistent with a statute if it has a reasonable relation to statutory objectives.
 
 Boehl v. Sabre Jet Room,
 
 349 P.2d 585, 587-88 (Alaska 1960). A regulation is presumptively valid, therefore the burden of proving invalidity is on the party challenging the regulation.
 
 Union Oil Co. v. State (Natural Resources),
 
 574 P.2d 1266, 1271 (Alaska 1978).
 

 We conclude that 17 AAC 30.050 is inconsistent with AS 19.40.100(a) because the regulation bears no reasonable relation to the state’s statutory duty to maintain the highway. Therefore, the regulation is
 
 *79
 
 unenforceable unless it falls within one of the AS 19.05.040 exceptions to the duty. We conclude that none of the exceptions may be reasonably construed to authorize promulgation and enforcement of an indemnity provision. We therefore rule that 17 AAC 30.050(b) is unenforceable because it is invalid under AS 44.62.030.
 
 [6]
 

 AFFIRMED.
 

 [1]
 

 . AS 19.05.040 provides in part:
 

 The department may
 

 (5) control access to highways;
 

 (11) establish, levy, and collect tolls, fees, charges, and rentals for the use of state roads, highways, bridges, crossings, and causeways; and
 

 (12) exercise any other power necessary to carry out the purpose of AS 19.05 — 19.25. Subsection 11 was added in 1984, after promulgation of 17 AAC 30.050.
 

 [2]
 

 . AS 19.40.100(a) provides;
 

 The department shall maintain the highway and keep it open to industrial or commercial traffic throughout the year.
 

 [3]
 

 . 17 AAC 30.010 (eff. 10/15/78) provides in part:
 

 No vehicle, except an emergency vehicle, may use or travel upon the Dalton Highway ... without a permit issued to the owner or operator of the vehicle by the commissioner or his designated representative.
 

 [4]
 

 . AS 44.62.020 provides in part:
 

 AS 44.62.010 — 44.62.320 do not confer authority upon or augment the authority of a state agency to adopt, administer, or enforce a regulation. To be effective, each regulation adopted must be within the scope of authority conferred and in accordance with standards prescribed by other provisions of law.
 

 [5]
 

 . AS 44.62.030 provides:
 

 If, by express or implied terms of a statute, a state agency has authority to adopt regulations to implement, interpret, make specific or otherwise carry out the provisions of the statute, no regulation adopted is valid or effective unless consistent with the statute and reasonably necessary to carry out the purpose of the statute.
 

 [6]
 

 . Because we conclude that the regulation violates the Administrative Procedures Act, we do not reach the other arguments raised on appeal,