**James P. VAIL, Petitioner,**

v.

**COFFMAN ENGINEERS, INC., Respondent.**

**No. S–2861.**

Supreme Court of Alaska.

Aug. 4, 1989.

Frederick H. Hahn V, Bledsoe & Knutson, Anchorage, for petitioner.

Dan E. Dennis, Dennis & Moss, Anchorage, for respondent.

Jan Hart DeYoung, Asst. Atty. Gen., Anchorage, Grace Berg Schaible, Atty. Gen., Juneau, for amicus curiae State of Alaska, Dept. of Labor.

## OPINION

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

MOORE, Justice.

This appeal addresses the extent of an employer's obligation to provide a former employee return transportation pursuant to AS 23.10.380(a). The superior court ruled that the employer's statutory duty was limited to return of the employee to the place of recruitment. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1982, Coffman Engineers, Inc. (Coffman), hired James Vail to work in Coffman's Anchorage office. Coffman paid the entire cost of moving Vail, his family, pets, household goods and vehicles from Warren, Oregon, to Anchorage.[1]

In 1987, Coffman laid off Vail due to lack of work. Despite a timely demand by Vail, Coffman refused to return the Vails and their goods to Oregon. Vail sued Coffman, claiming that AS 23.10.380(a) and 8 AAC 20.030(1) required Coffman to provide return transportation expenses exceeding $16,800.[2]

Vail and Coffman cross-moved for summary judgment. Superior Court Judge Douglas J. Serdahely ruled that the statute entitled Vail to recover return transportation expenses for himself, but not for his family or belongings. Judge Serdahely then invalidated 8 AAC 20.030(1) to the extent that it imposed a broader duty than the statute.

Vail petitioned for review. We granted review and gave the Alaska Department of Labor leave to appear as an amicus curiae in support of the stricken regulation.

## II. THE RETURN TRANSPORTATION STATUTE

Vail argues that the superior court erred in concluding that AS 23.10.380(a) requires Coffman to pay return transportation expenses only for Vail. Coffman contends that the superior court correctly interpreted the statute.

The extent of an employer's statutory obligation to provide return transportation presents a question of law. Because the definition of "return transportation" does not require special agency knowledge or expertise, we will apply the independent judgment standard of review. *See Matanuska–Susitna Borough v. Hammond*, 726 P.2d 166, 175 (Alaska 1986); *National Bank of Alaska v. State, Dep't of Revenue*, 642 P.2d 811, 815 (Alaska 1982). Even under this standard, we may give some weight to a longstanding and consistent administrative interpretation of the statute. 642 P.2d at 815 n. 5.

The interpretation of a statute begins with an examination of the language of the statute construed in light of its purpose. *J & L Diversified Enter. v. Municipality of Anchorage*, 736 P.2d 349, 351 (Alaska 1987).

Public policy dictates that an employer must provide return transportation to an employee's place of recruitment upon termination of employment. AS 23.10.375. Accordingly, when an employee terminated for good cause makes a timely request,

[a]n employer who furnishes, finances, agrees to furnish or finance, or in any way provides transportation for a person from the place of hire to a point inside or outside the state to employ the person shall provide the person with return transportation to the place of hire from which transportation was furnished or financed, or to a destination agreed upon by the parties....

AS 23.10.380(a). This statute is "considered a part of every contract of hire involving transportation of an employee to and from this state." AS 23.10.390. It was enacted to provide a remedy for seasonal employees who might otherwise be stranded at remote job sites and become a

---

1. Among other things, Coffman paid to move four people, a car, a pick-up truck, a boat and trailer, and an unspecified number of dogs.

2. Vail also claimed that he was entitled to collect ten days' subsistence pay, AS 23.10.380(b);

unpaid overtime compensation, AS 23.05.140; unpaid accrued sick leave, *id.;* and statutory penalties. These claims are not at issue on appeal.

burden on the economic resources of the state. Letter from Lew L. McFarren, Assistant Commissioner of Labor (Sept. 24, 1969).

The Department argues that AS 23.10.-380 is a remedial statute; therefore, it should be liberally construed. *See State v. O'Neill Investigations, Inc.*, 609 P.2d 520, 528 & n. 20 (Alaska 1980). However, we believe that the statute imposes on the employer a minimal obligation to provide return transportation to any employee it paid to relocate at the time of hire. This result serves the statutory purpose without subjecting employers to onerous and unbargained-for obligations to their former employees.

## III. THE RETURN TRANSPORTATION REGULATION

■ Vail and the Department argue that, even if the statute does not require Coffman to provide full return transportation expenses, 8 AAC 20.030(1) (eff. 4/17/74) imposes a broader duty on the employer. Coffman contends that the regulation is invalid because it is not reasonably necessary to carry out the statutory purpose.

■ A regulation promulgated by an administrative agency must be consistent with and reasonably necessary to carry out the purpose of the authorizing statute. *State v. Alyeska Pipeline Serv. Co.*, 723 P.2d 76, 78 (Alaska 1986); AS 44.62.030. A regulation is consistent with a statute if it bears a reasonable relationship to the statutory objective. 723 P.2d at 78. The burden of proving that the regulation is invalid rests with the party challenging it. *Id.*

The Department has promulgated a regulation defining return transportation as "all transportation and costs as originally furnished to, financed for, or provided to an employee by an employer." 8 AAC 20.030(1). If the regulation is valid, Coffman must pay to transport the Vails and their goods back to Oregon, because Coffman provided their transportation from Oregon to Alaska at the time of hire. .

Although the regulation was first promulgated in 1974, and the substance of the Department's interpretation has not changed in the ensuing fifteen years, we do not believe that the regulation is reasonably necessary to carry out the statutory purpose of securing return transportation for seasonal employees.

The decision of the superior court is AFFIRMED.

COMPTON, Justice, with whom RABINOWITZ, Justice, joins, dissenting.

The legislature delegated to the Department the authority to interpret AS 23.10.-375. *See* AS 23.10.395 ("The department may issue orders and adopt regulations necessary to carry out AS 23.10.375–23.10.-400."). The Department exercised this authority by adopting 8 AAC 20.030(1), which defines the term "return transportation."

Concededly the regulation does not address fundamental policy matters or matters within the scope of agency expertise; it is an "interpretive regulation," not a "legislative regulation." *Kelly v. Zamarello*, 486 P.2d 906, 909–11 (Alaska 1971). Thus, this court is not required to apply the "reasonable basis" test in reviewing the regulation. *Id.*; *Nat'l Bank of Alaska v. State, Dep't of Revenue*, 642 P.2d 811, 815 (Alaska 1982). But although the court here has the *power* to substitute its judgment for that of the agency, precedent counsels restraint in exercising this power. *Kelly*, 486 P.2d at 910. Especially where an agency interpretation is longstanding, this court should defer to the agency in the absence of "weighty reasons" for doing otherwise. *Id.* at 910–11; *Nat'l Bank of Alaska*, 642 P.2d at 815. *See generally* 2 K. Davis, Administrative Law Treatise § 7.9 (2nd ed. 1979). Such "weighty reasons" are lacking in this case.

The term "return transportation" is broad enough to require interpretation by the Department. It is not obviously the intent of the legislature that the cost of a person's transportation should include only the cost of moving that person's body from one location to another by the cheapest possible means.

The Department appears to have chosen an interpretation that is consistent with the legislature's intent.

The statute provides that *if* an employer furnishes transportation from the place of hire, then the employer must furnish return transportation as well. AS 23.10.380. Thus the legislature conditioned the employer's obligation to furnish return transportation upon an initial decision to furnish transportation from the place of hire.

The regulation uses this approach in defining the term "return transportation": the *extent* of the employer's obligation to furnish return transportation is made dependent upon the *extent* to which the employer furnished transportation from the place of hire. 8 AAC 20.030(1). Like the statute, the regulation is based upon a reasonable policy: the lengths to which the employer is willing to go to lure an employee to Alaska are a fair measure of the employee's expectations of return upon termination.

The court's interpretation of the term "return transportation" seems not so much concerned with advancing the purpose of the legislature as with minimizing the obligations of employers. The court imposes a "minimal obligation," which "serves the statutory purpose without subjecting employers to onerous and unbargained-for obligations to their former employees."

Leaving aside the question whether this court should strictly construe in favor of employers remedial statutes intended to protect the public treasury, the court's interpretation fails even to effect its stated purpose of minimally satisfying the statutory purpose.[1] An employee who, together with spouse, children and belongings, has been transported to Alaska at an employer's expense, and whose employment is thereafter terminated, will find little comfort in a one-way ticket back to his or her place of hire. If the employee uses the ticket, the spouse and children will be left

to become "a burden on the economic resources of the state."

The Department's definition of "return transportation" is consistent with the legislature's purpose. Because the definition has stood for 15 years, it should not be overruled in the absence of weighty reasons. I would uphold the regulation and reverse the decision of the trial court.

---

1. No doubt the court is correct in suggesting that the statute was intended to protect the public treasury from the burden of stranded employees. However, its suggestion that the statute was directed only to seasonal employees is obviously inconsistent with the broad language of the statute.