**FAIRBANKS NORTH STAR BOROUGH SCHOOL DISTRICT, Appellant,**

v.

**NEA–ALASKA, INC., Appellee.**

No. S–4027.

Supreme Court of Alaska.

Sept. 27, 1991.

David T. Jones, Perkins Coie, Anchorage, for appellant.

Robert B. Groseclose, Staley, DeLisio, Cook & Sherry, Inc., Fairbanks, for appellee.

Before BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

The issue in this case is whether Department of Education (DOE) regulation 4 Alaska Administrative Code (AAC) 18.-900(b)(2) (1991) is consistent with AS 14.20.-150, which provides that a teacher must work "continuously for two full school years" in order to acquire tenure rights. The regulation protects those teachers who have taught in a particular school district for various fractions of the school year. It entitles teachers who have taught for periods totaling more than the equivalent of two regular school terms to tenure.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Fairbanks North Star Borough School District (district) operates public schools throughout the borough. During most school years, the district employs some of its teachers for less than full school terms. A variety of reasons exist for these abbreviated terms of service. In some cases, teachers leave before the end of the term because of illness, maternity, or other personal reasons. In other cases, some teachers are not hired until after the school year begins. This occurs because the district is unsure of the size of the new student population, because the district does not know whether it will receive certain grants, or because other teachers leave before the term ends. In some instances, the district has employed teachers for portions of consecutive school years.

Alaska Statute 14.20.150 provides:

(a) A teacher acquires tenure rights in a district when the teacher

(1) possesses a standard teaching certificate;

(2) has been employed as a teacher in the same district continuously for two full school years and is reemployed for the school year immediately following the two full school years.

(b) The tenure rights acquired under (a) of this section become effective on the

first day the teacher performs teaching services in the district during the school year immediately following the two full school years.

DOE regulations define "two full years" as follows:

(1) two consecutive school years of service, regardless of the number of hours per day, or days per week or per month actually taught, for a person employed for full school terms ... under a contract required by this chapter; or

(2) a combination of sequential fractions of consecutive school years which equal two full school terms, regardless of the number of hours per day, or days per week or per month actually taught, for a person employed for less than full school terms ... under a contract required by this chapter.

4 AAC 18.900(b).

Despite the regulation, the district has refused to grant tenure to teachers having an employment history constituting two full school terms computed by "a combination of sequential fractions of consecutive school years," and who otherwise qualify for tenure under AS 14.20.150 (i.e. they possess valid teaching certificates and are reemployed for the school year immediately following "two full school years").

NEA–Alaska, Inc. (NEA)[1] sued the district, seeking an order directing the district to grant tenure and the benefits associated therewith under law and contract to all teachers acquiring tenure under 4 AAC 18.900(b)(2). The district filed a motion to dismiss the complaint, and NEA filed a cross-motion for summary judgment. After hearing oral argument on the parties' motions and considering the parties' supplemental briefing, Superior Court Judge Niesje J. Steinkruger granted summary judgment in favor of NEA. Judge Steinkruger concluded that 4 AAC 18.900(b)(2) is a valid regulation interpreting AS 14.20.-150. The superior court awarded attorney's fees and costs to NEA.[2] The district appeals. We reverse.

## II. STANDARD OF REVIEW

In reviewing the grant of summary judgment, we "must determine whether there was a genuine issue of material fact and whether the moving party was entitled to judgment on the law applicable to the established facts." *Brock v. Alaska Int'l Indus.*, 645 P.2d 188, 190 n. 6 (Alaska 1982).

■■■ The principal question posed by this appeal involves a determination of whether an administrative regulation, 4 AAC 18.900(b)(2), is "consistent with and reasonably necessary to carry out the purpose of the authorizing statute," namely Alaska's tenure law, AS 14.20.150. *Vail v. Coffman Engineers*, 778 P.2d 211, 214 (Alaska 1989). *See also* AS 44.62.030. Since this determination involves statutory interpretation, we substitute our independent judgment for that of the agency. *Union Oil Co. v. State, Dep't of Revenue*, 560 P.2d 21, 23 (Alaska 1977) ("Statutory interpretation is within the scope of the court's special competency, and it is our duty to consider the statute independently."). Even under the independent judgment standard, however, the court gives some weight to what the agency has done, especially where the agency interpretation is longstanding. *National Bank of Alaska v. State, Dep't of Revenue*, 642 P.2d 811, 815 (Alaska 1982).

## III. DISCUSSION

■■■ The district argues that the statute's language requiring that a person must serve as a teacher *"continuously* for two *full* school years" clearly precludes a teacher who has worked only fractions of a

1. NEA is a labor organization, incorporated in Alaska, and is the recognized collective bargaining representative of teachers employed by the district. NEA filed the complaint on behalf of its membership and asserted that it was authorized in all ways to do so.

2. The superior court did not issue an injunction ordering the district to grant tenure on those teachers who qualified under 4 AAC 18.-900(b)(2). NEA was content to have its complaint resolved on the basis of the court's declaratory judgment upholding the validity of the "sequential fractions" regulation.

school year from acquiring tenure. We agree.

This case is distinguishable from *State v. Redman*, 491 P.2d 157 (Alaska 1971), in which we held that a teacher who worked part-time could qualify for tenure under AS 14.20.150. We stated that teachers who work only part of each day or only a few days a week are "continuously employed" under AS 14.20.150. *Id.* at 158–59. Unlike teachers who work only a fraction of the school year, Ms. Redman was employed for the entire school year at issue. *Id.* at 158. The argument that a teacher who works only a fraction of the year is employed for a full year ignores the plain meaning of the word "full."

Several decisions from other jurisdictions support our conclusion that a partial year does not count towards the number of "school years" required for tenure. *E.g., Haag v. Board of Education*, 337 Ill.App. 201, 84 N.E.2d 833, 835 (1949) (teacher employed for twelve months of one school term and nine months of the next did not qualify for tenure under Illinois Teacher Tenure Law requiring a probationary period of two consecutive years of teaching service); *Fortunato v. King Philip Regional School Dist. Comm.*, 10 Mass.App. 200, 406 N.E.2d 426, 427–29 (1980); *Breuhan v. Plymouth–Canton Community Schools*, 425 Mich. 278, 389 N.W.2d 85, 86–87 (1986) (rejects "substantial compliance" approach for awarding tenure under statute providing that "[a]ll teachers during the first 2 school years of employment shall be deemed to be in a period of probation...."); *Valter v. Orchard Farm*

*School Dist.*, 541 S.W.2d 550, 554–55 (Mo. 1976).[3]

The use of the word "full" in the Alaska statute indicates the Alaska legislature's intent to preclude a teacher from counting a portion of a year toward the two-year probationary period required for tenure. In light of the fact that a teacher who begins work in October after the school year has commenced must work two additional school years before acquiring tenure, it makes little sense to argue that the statute allows teachers to aggregate several fractions of a year to meet the tenure requirement of two full years.

We agree with NEA that the DOE regulation furthers the objective of the tenure system articulated in *Redman*, 491 P.2d at 159. Allowing those teachers who have worked fractions of several consecutive school years to acquire tenure arguably might attract more talented personnel to the teaching profession. In addition, for purposes of evaluation it is arguably difficult to distinguish the teacher who has worked sequential fractions totaling two school terms from the teacher who has been employed for two entire school years.

■ Such policy decisions, however, are for the legislature rather than for the DOE or this court. While the DOE has broad responsibility for the policy governing Alaska's public schools, its regulations must be consistent with the Alaska statutes.[4] *See* AS 44.62.020, .030. As discussed above, 4 AAC 18.900(b)(2) conflicts with the unambiguous language of AS 14.-20.150.[5]

---

**3.** The district's reliance on *Tyler v. School Dist. No. 1*, 177 Colo. 188, 493 P.2d 22 (1972) is misplaced. In *Tyler*, the Supreme Court of Colorado held that substitute teachers were not entitled to tenure under the Colorado statute requiring a teacher to serve "continuously and without interruption for three full years." Interpreting similar language, this court reached the opposite result in *Redman*, 491 P.2d 157.

**4.** Since the "sequential fractions" regulation was adopted in 1975, one can reasonably characterize the Department of Education's interpretation of the statutory term "two full years" as longstanding. While the court gives some weight to the longstanding construction placed upon a statute by the agency legislatively chosen to

enforce it, *National Bank of Alaska*, 642 P.2d at 815, we will not defer to an agency interpretation that conflicts with the plain meaning of the statute.

A lengthy existence of a regulation does not bestow validity on it. The regulation prohibiting part-time teachers from acquiring tenure remained in the administrative code until 1984, over ten years after the *Redman* decision held that half-time work counts toward attainment of tenure rights under AS 14.20.150. Former 4 AAC 18.030(b)(1) (am 8/30/84, Register 91).

**5.** Contrary to NEA's contention, clarification of what the statute means by "temporary absence" or "interruption" is unnecessary. Clearly, the

REVERSED and REMANDED for further proceedings consistent with this opinion.

RABINOWITZ, C.J., not participating.

legislature did not intend that minor infractions such as those suggested by NEA (i.e. failing to call in sick on time or failing to report to work on time because of a missed airplane connection) would prevent a teacher from counting a given year toward tenure. The statutory definition of "continuous employment" prevents a teacher who does not work consecutive school years or takes an unauthorized period of leave from acquiring tenure.

Besides, the problem with NEA's argument is with the definition of "full" rather than of "continuous." While working fractions of consecutive years is arguably "continuous employment" under the statute, it is impossible to equate a fraction of a year with a "full" year.