Eugene WARNER, Appellant,

v.

STATE of Alaska, Real Estate
Commission, and Robin
Bernard, Appellees.

David R. LESTER, Joan Lagoulis, Mark
D. Woodward, Debbie M. Woodward and
James P. Macaluso, Appellants,

v.

STATE of Alaska, DEPARTMENT OF
COMMERCE & ECONOMIC DEVEL-
OPMENT, REAL ESTATE COMMIS-
SION and Charles Toop, Appellees,

Raphael APOSTOL and Lovegila
Apostoll, Appellants,

v.

STATE of Alaska, Alaska Real Estate
Commission, Appellees.

Nos. S–3478, S–3805 and S–4148.

Supreme Court of Alaska.

Oct. 17, 1991.

Eugene G. Warner, in pro per.

Lawrence C. Delay, Asst. Atty. Gen., An-
chorage, Douglas B. Baily, Atty. Gen., Ju-

neau, for appellees in Nos. S–3478 and S–3805.

Sandra J. Wicks, Law Offices of William L. McNall, Anchorage, for appellant in No. S–3805.

John R. Strachan, Anchorage, for appellants in No. S–4148.

Linda O'Bannon, Asst. Atty. Gen., Anchorage, Douglas B. Baily, Atty. Gen., Juneau, for appellees in No. S–4148.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

RABINOWITZ, Chief Justice.

This appeal is a consolidation of three cases. Each appellant asserted a surety fund claim before the Alaska Real Estate Commission (Commission) against a licensed real estate broker or salesperson. The Commission denied each claim as untimely under the one year statute of limitations it had established by regulation 12 AAC 64.295. The superior courts which reviewed these cases affirmed. We hold 12 AAC 64.295 void, and reverse the dismissals of appellants' claims. As to all other issues, we affirm.

## I

We begin with an overview of the Real Estate Surety Fund Act, AS 08.88.450–.495 (Act). The Act establishes that, in lieu of obtaining a corporate surety bond, brokers, associate brokers, and salespeople licensed by the Commission must pay their license fee and a surety fund fee into the fund. AS 08.88.455. Under the Act, "[a] person seeking reimbursement for a loss suffered in a transaction as a result of fraud, misrepresentation, deceit, or the conversion of trust funds on the part of a real estate broker, associate real estate broker, or real estate salesman licensed under this chapter" may make a claim before the Commission against the fund. AS 08.88.460.

Alaska Statute 08.88.460 specifies that claimants must file a claim form provided by the Commission, enumerates six items that must be included on the claim form, and requires a filing fee of $250. Under AS 08.88.465, the Commission may hold a hearing to consider the claim, or it may consider the claim established if a record exists from a licensing revocation hearing concerning the same facts. The Commission may postpone a decision on the claim until after a licensing hearing or a court proceeding has been held. AS 08.88.465(e). To establish a claim, the claimant must prove all facts by a preponderance of the evidence. AS 08.88.465(d).

If the Commission finds that the claim is supported, it must make written findings and conclusions on the evidence. It may award an individual claimant a maximum of $10,000. AS 08.88.470. The maximum liability of the fund for any one individual licensee may not exceed $50,000. AS 08.-88.475. If $50,000 is insufficient to cover the valid claims against one individual licensee, "the $50,000 shall be distributed among the claimants in the ratio that their individual claims bear to the aggregate of valid claims, or in another manner that the commission considers equitable. Distribution shall be among the persons entitled to share in the recovery, without regard to the order of priority in which their claims were filed." AS 08.88.475(b). After a claimant has been paid out of the fund, the claimant must subrogate all right to that amount to the Commission. AS 08.88.490.

Under AS 08.88.460(c), a licensee may choose to defend a claim in small claims court, rather than before the Commission. To exercise this option, the licensee must make this election within seven days of the filing of the claim, and the amount in question must not exceed the jurisdiction of the small claims court.

The surety fund statutes themselves contain no limitation establishing a deadline for filing a claim. *See* AS 08.88.450–.495. Consequently, the Commission promulgated 12 AAC 64.295, which states,

> **DEADLINES.** For a claim to be considered valid for the purposes of reimbursement from the surety fund, the claimant must file a claim in accordance with AS 08.88.460 within one year after

the date the alleged loss was discovered or could have been discovered, but in any event, not later than two years after the transaction is recorded or the transfer of interest date.

Appellants challenge the validity of this regulation.

## II

The facts of each case consolidated in this appeal are similar. In *Warner v. State*, Warner filed a surety fund claim with the Commission, alleging $71,280 in losses. Warner alleged that a licensed real estate broker had committed several breaches of duty which had caused his damages.

After a hearing, the hearing officer found that "the date of discovery began in November, 1984, and that the one year period began to run then. Since the claim was not filed until September 15, 1986, the claim should be dismissed because it was filed after the statute of limitation had run." The Commission adopted this decision.

On appeal, the superior court concluded that there was substantial evidence to support the conclusion of the Commission that the discovery date for Warner's claim was November 1984. The court then analyzed Warner's argument that 12 AAC 64.295 was invalid, and concluded that the regulation was not "arbitrary and capricious." The court reasoned that "[i]t is also a close question whether there was a legislative intent to allow the agency to adopt a one-year time limit or if this was a legislative omission. Since some time limit must apply, the agency has inherent authority to adopt a reasonable time limit." Even though the court concluded that "[t]he one-year time serves as a trap for the unwary Alaskan", it reluctantly affirmed the decision of the Commission.

In *Lester v. State*, Lester and his co-appellants filed separate surety fund claims with the Commission in May and June of 1987. Each claim was against the same broker, and each admitted that the claimant had discovered their losses more than one, but less than two, years earlier.

A consolidated hearing on the surety fund claims was held on January 28, 1988. The hearing officer determined that each claimant had incurred damage in excess of $10,000, but that each claim was outside of the one-year time limit for filing surety fund claims. The Commission denied the claims. On appeal, the superior court upheld the validity of 12 AAC 64.295, concluding that "the authority to adopt a time limitation must be implied from the legislative enactment creating a surety fund."

In *Apostol v. State*, a hearing officer found that the Apostols and other claimants were victims of a "property acquisition scheme" run by a licensed real estate broker which "ended in failure and in the systematic fleecing of a number of sellers." The Apostols did not discover their loss until the broker ceased making payments several years after the actual transaction. They filed their surety fund claim within one year of that discovery, but the hearing officer found that "the transaction took place at least seven years ago, and that would bar consideration under 12 AAC 64.-295, which requires the claim be filed within two years after the transaction is recorded." The Commission denied the claim.

The superior court affirmed the Commission's denial of the claim and concluded that "the challenged regulation is within the Real Estate Commission's implied authority and is reasonably necessary to carry out the purposes of the Real Estate Surety Fund."

## III

The primary question before this court is whether the Commission had authority to promulgate 12 AAC 64.295. We have previously stated that "[a]dministrative agencies are creatures of statute, deriving from the legislature the authority for the exercise of any power they claim." *Rutter v. State*, 668 P.2d 1343, 1349 (Alaska 1983) (citing *McDaniel v. Cory*, 631 P.2d 82, 83 (Alaska 1981)). Accordingly, "[r]egulations promulgated by an executive department must be authorized by statute." *State v.*

*Alyeska Pipeline Serv. Co.*, 723 P.2d 76, 78 (Alaska 1986).

Alaska's Administrative Procedure Act (APA) provides that "[t]o be effective, each regulation adopted must be within the scope of authority conferred and in accordance with standards prescribed by other provisions of law." AS 44.62.020. Moreover, "authority to adopt a regulation to implement, interpret, make specific, or otherwise carry out the provision of the statute" may be "by express or implied terms of a statute." AS 44.62.030. The APA further states, however, that it does not "confer authority upon or augment the authority of a state agency to adopt, administer, or enforce a regulation." AS 44.62.020.

In short, "[w]hen administrative rule-making is based upon clear authority from the legislature to formulate policy in the adoption of regulations, the rule-making activity takes on a quasi-legislative aspect." *Kelly v. Zamarello*, 486 P.2d 906, 909 (Alaska 1971). *See also*, K. Davis, *Administrative Law Treatise* § 5.03 at 252 (Supp.1970) ("regulations will have the force of law if the statute has granted authority to the administrator to issue them").

*Kelly* outlined how to assess the validity of a regulation as follows:

[W]here an administrative regulation has been adopted in accordance with the procedures set forth in the Administrative Procedure Act, and it appears that the legislature intended to commit to the agency discretion as to the particular matter which forms the subject of the regulation, we will review the regulation in the following manner: First, we will ascertain whether the regulation is consistent with and reasonably necessary to carry out the purposes of the statutory provisions conferring rule-making authority on the agency. This aspect of

review insures that the agency has not exceeded the power delegated by the legislature. Second, we will determine whether the regulation is reasonable and not arbitrary. This latter inquiry is proper in the review of any legislative enactment.

*Id.* at 911. *See also State v. Anderson*, 749 P.2d 1342, 1343 (Alaska 1988); *Chevron U.S.A. Inc. v. LeResche*, 663 P.2d 923, 926–27 (Alaska 1983). Thus, the first inquiry under the APA and *Kelly* is whether the legislature intended to commit the question of a surety fund claim deadline to the discretion of the Commission.

■ 12 AAC 64.295 itself cites 08.88.081 as authorizing its promulgation. AS 08.88.081 states,

**Commission regulations.** The commission shall adopt regulations pertaining to the responsibilities of persons licensed under this chapter and the grounds for revoking or suspending a license.

Additionally, AS 08.88.111 states,

**Commission regulations.** The commission shall adopt procedural regulations describing

(1) how it conducts an examination

(2) how a person applies to take an examination, applies for a license, and registers that person's office.

While both these statutes grant the Commission rulemaking authority, neither appears in the Real Estate Surety Fund Act. Rather, both statutes appear in the Real Estate Brokers and Salesmen Act, and both relate to the Commission's licensing powers. Further, both statutes are clear in the grant of authority they provide. Neither statute grants to the Commission the discretion to determine a statute of limitations for surety fund claims. Thus, the Commission erred when it cited to AS 08.88.081 as authority to promulgate 12 AAC 64.295.[1]

1. We have previously applied strict construction to questions of statutory grants of authority to an administrative agency when resolving the availability of damages as an administrative remedy. *McDaniel v. Cory*, 631 P.2d 82, 88 (Alaska 1981) (fine levied by Human Rights Commission held invalid where "no statutory authority exists which gives the Commission the power to award damages to complainants in public accommodation discrimination cases.") Following *McDaniel*, we will narrowly interpret a statute as to the question of whether it grants the agency discretion to promulgate rules.

Drawing on *State v. Anderson*, 749 P.2d 1342, 1344 (Alaska 1988), the state argues that the Commission had implied authority to promulgate 12 AAC 64.295. In *Anderson*, we stated,

> Therefore, in determining the validity of [the regulation], we will ascertain (1) whether the regulation is within the scope of authority conferred on the [agency]; *i.e.*, whether it is consistent with and reasonably necessary to carry out the purposes of the enabling statute, (2) whether it is reasonable, and (3) whether it directly conflicts with any other state statute.

The state concludes that the test for a grant of authority is whether the regulation is consistent with and reasonably necessary for implementation of the statute which it purports to be based on. Thus, in the state's view, if a regulation is necessary for implementation of a statute, then the statute impliedly confers authority for the promulgation of the regulation.

■ The *Anderson* test, however, is the test to determine the scope of an agency's authority when an agency has been given a broad grant of general rulemaking authority by statute. *Anderson* assumes the existence of some grant of rulemaking authority within the enabling statute. *Id.* The enabling statute must confer authority to make rules; it is not sufficient that the enabling statute needs interpretation in order to be implemented.

■ The Real Estate Surety Fund Act, AS 08.88.450–08.88.495, specifies the procedure the Commission must follow in adjudicating surety fund claims. These statutes contain only one grant of rulemaking authority, AS 08.88.455, which authorizes the Commission to enact regulations dealing with the collection of fees when the surety fund exceeds $250,000.[2] Unlike those cases in which we have evaluated the scope of an administrative agency's implied authority,[3] the surety fund statutes do not confer a broad grant of rulemaking authority.[4]

---

2. AS 08.88.455 states in part, "[a]fter the fund reaches $250,000 the commission shall by regulation adjust the surety fund fees...."

3. *See, e.g., Vail v. Coffman Engineers, Inc.*, 778 P.2d 211 (Alaska 1989) (Alaska Department of Labor regulation found not reasonably necessary to carry out purpose of statute; court did not perform analysis of agency authority to promulgate regulations; however, AS 23.10.395 states "[t]he Department may ... adopt regulations necessary to carry out [these statutes]"); *State v. Anderson*, 749 P.2d 1342 (Alaska 1988) (regulations upheld as within scope of Department of Environmental Conservation's authority because they were "consistent with and reasonably necessary to carry out the purpose of the enabling statute"; court initially notes that DEC has statutory rulemaking power); *State v. Alyeska Pipeline Serv. Co.*, 723 P.2d 76 (Alaska 1986) (regulation requiring permit to travel on highway invalid because it bears no reasonable relation to enabling statute which established state duty to maintain highways; court initially notes that agency has authority to promulgate regulations under that enabling statute); *Chevron U.S.A., Inc. v. LeResche*, 663 P.2d 923 (Alaska 1983) (AS 38.05.020(b)(1) grants Department of Natural Resources authority to "establish reasonable procedures and adopt reasonable rules and regulations necessary to carry out this chapter"; this, together with AS 38.05.180 established implied authority to promulgate regulation in question); *Kelly v. Zamarello*, 486 P.2d 906 (Alaska 1971) (starting point in analysis of valid-

ity of regulation is that "AS 38.05.020(b)(1) of the Alaska Land Act provides that the Commissioner may 'establish reasonable procedures and adopt reasonable rules and regulations necessary to carry out' the provisions of the state's land act"); *see also Beran v. State*, 705 P.2d 1280 (Alaska App.1985) (to determine validity of regulation, the court first looks to grant of authority to promulgate regulation; here, AS 16.05.-251(a) states, "The Board of Fisheries may adopt regulations it considers advisable in accordance with the Administrative Procedure Act [for enforcement of this act]").

4. The superior court in *Apostol* agreed that AS 08.88.081 provided the necessary authority, saying, "it is clear that the legislature provided a substantial nexus between the Commission's hearing of claims against the surety fund and its disciplinary power relating to the responsibilities of real estate licensees."

   This argument, however, also clearly involves *implied* authority. By this reasoning, 12 AAC 64.295 is valid because it is reasonably necessary to administer the joint duties of the agency as license disciplinarians and surety fund adjudicators. It says nothing about a grant of power from the legislature to promulgate rules of procedure for surety fund awards. Without an indication that the legislature intended to leave these rules to agency discretion, no general *rulemaking* authority can be implied merely by reading two statutes in confluence.

   Moreover, the superior court in *Lester* rejected this "nexus" argument. The *Lester* court

In a similar situation, the supreme court of Massachusetts invalidated a regulation which would have prevented insurance companies from testing for AIDS. *Life Ins. Ass'n of Mass. v. Comm'r of Ins.*, 403 Mass. 410, 530 N.E.2d 168 (1988). The court found that "there is no statute authorizing the promulgation of regulations that has any relationship to the regulations that [the commissioner] issued." The court concluded that "[a]n implication of authority cannot arise from a statutory vacuum." *Id.*, 530 N.E.2d at 172.[5] Similarly, here the legislature has not granted the Commission the authority to enact, 12 AAC 64.295. Therefore, we remand these cases to the superior court with instructions to remand them to the Commission for hearings in accordance with the Surety Fund Claims Act.

## IV

In his pro se appeal, Eugene Warner argues that the court erred by joining the broker, Robin Bernard, and not permitting the claim to be pursued against the surety alone.[6] It is not clear whether Warner is arguing against joinder of Bernard or against consolidation of a licensing hearing with a surety fund hearing. However, as

found that "[t]hese [licensing] obligations are far removed from the business of filing a claim. Therefore, the court concludes the Real Estate Commission did not have actual authority under AS 08.88.081." We agree with the *Lester* court on this issue.

5. *See also Kauer v. Amemiya*, 56 Haw. 182, 532 P.2d 664 (1975) (per curiam) (Director of Consumer Protection Agency was without power to promulgate rules under the consumer protection statute); *Fahey v. Cook County Police Dep't Merit Bd.*, 21 Ill.App.3d 579, 315 N.E.2d 573 (1974) (Police Merit Board had no authority to promulgate rule on compulsory retirement age). *See generally*, 1 K. Davis, *Administrative Law Treatise* §§ 5.01–5.09 (1958 & Supp.1970).

6. Warner also asserts that the hearing officer erred when she determined that Warner knew or should have known of his claim by November 1984. Given our holding that a two-year statute of limitations applies to surety fund claims, this issue is moot.

7. There is no evidence in the record that a license hearing was consolidated with the surety fund hearing. What actually seemed to have

no consolidation took place, the asserted error is moot.[7]

■ As to joinder, there is no error in joining the licensee as a party to a surety fund claim. Alaska Statute 08.88.460(c) allows the licensee the option of transfer to small claims court. This option clearly contemplates joinder of the licensee as a party. Moreover, joinder is liberally allowed. Alaska R.Civ.P. 20. The licensee has an interest to defend in the surety fund claim and the claimant is not prejudiced by joinder.

## V

■ Finally, Lester argues that ample evidence exists in the record for the superior court to exercise its inherent equitable powers and decide the surety fund claims on their merits. We reject the request. Allowing the superior court to hear these cases on their merits would directly conflict with the statute. Moreover, the authority cited by Lester is inapposite and incorrectly interpreted.[8]

## VI

In conclusion, 12 AAC 64.295 is not a regulation with the force of law because it was not promulgated pursuant to a legisla-

happened is that the hearing officer notified the parties that "[u]pon notice to the parties a pending licensing action may be consolidated with the surety claim." However, because Warner's hearing was noticed and held solely on the issue of the statute of limitations, no such consolidation ever took place.

8. Appellants argue that *Arnold v. Morton*, 529 F.2d 1101 (9th Cir.1976) established a "subjectively certain" test which would allow the superior court to hear this claim on its merits. *Id.* at 1105. The "subjectively certain" test is only applicable under federal law, where the court of appeals may only uphold an agency decision on the same grounds as set forth by the agency in support of that decision. The test could not apply here, where appellants are asking this court to apply the "subjectively certain" test to *overrule* an agency decision. Moreover, this test is superfluous under Alaska law, where an appellate court may uphold a decision on any basis supported by the record. *Sea Lion Corp. v. Air Logistics of Alaska*, 787 P.2d 109, 116 (Alaska 1990). Finally, we are not "subjectively certain" about the outcome on remand.

**34**

tive grant of authority. The decisions of the superior courts are REVERSED and these cases REMANDED to the superior court with instructions to remand to the Commission for further proceedings.