SHERROD v. LAWRENCEBURG SCHOOL CITY ET AL.

[No. 27,021. Filed February 15, 1938.]

*Charles A. Lowe,* for appellant.

*Estal G. Bielby,* and *Chester E. Bielby,* for appellees.

FANSLER, J.—Appellant brought this action to recover salary as a teacher of art in the public schools of the city of Lawrenceburg. She sought to recover $95 per month for nine months' services as teacher in the school year 1933-1934. The defendants offered to confess judgment for nine months' salary at $72 per month. The cause was tried by the court, and there were special findings of fact and conclusions of law, and judgment for appellant for $648. Appellant's motion for a new trial was overruled, and this ruling is assigned as error, and error is predicated upon the court's conclusions of law.

Under the appellant's contract, she was to teach art on twelve days in each month. She had served the school board for more than six years under substantially identical contracts. The contract tendered the appellant for the school year 1933-1934 provided for a reduction in her compensation to $72 per month. It is conceded that there was no provision in the contract for a change in salary; that no schedule changing the salary of teachers generally was adopted on or before May 1st of the year 1933; and that the appellant had no notice within thirty days after May 1st of any such schedule or change in

schedule. See section 28-4307 Burns Ann. St. 1933, section 6003 Baldwin's Ind. St. 1934.

It is contended by the appellees that the appellant is not a tenure teacher, and that her employment and her salary are not protected by the Teachers' Tenure Law, for the reason that she was what is termed a "part-time teacher," that is, that she did not teach classes every school day, but only twelve days in each month. There can be no merit in this contention. She was not an occasional teacher, who taught intermittenly as a substitute or otherwise. She was a regular teacher. The law does not require that teachers shall teach every day, or every hour of every day. Such subjects as art or music may require fewer hours of teaching. This is in the discretion of the school authorities. But appellant was undoubtedly regularly employed, teaching the same subject a given number of days per month, over a period of years, and must be considered a regular teacher. The statute, section 28-4304 Burns Ann. St. 1933, section 5990 Baldwin's Ind. St. 1934, provides that all teachers' contracts shall be in writing, shall state the date of the beginning of the school term, the number of months in the term, the total amount of the salary to be paid during the school year, the number of payments that shall be made during the school year, and provides that, "in this act, a month shall mean not more than twenty (20) school days." A contract otherwise conforming to the statute, and in which the month shall consist of less than twenty school days, is not prohibited, and no reason is seen why such a contract is not valid and sufficient to establish tenure rights. It will be noted that, if school is conducted for the ordinary five days of each week, there are more than twenty school days in some months. It is conceivable that a curriculum might be so designed, with subjects so distributed, that no teacher's services would be required more than twelve days a month. Nothing is

seen in the statute which prevents such teachers from attaining tenure status. The evidence shows that the appellant was also teaching in other schools, and it is argued that, if one teaching for less than the full time of the school can acquire tenure status, then tenure rights may be acquired in two school corporations. But there is nothing in the statute that forbids it.

The contract involved in *Board of School Com'rs of City of Indianapolis et al.* v. *State ex rel Wolfolk* (1936), 209 Ind. 498, 199 N. E. 569, is entirely different. The teacher there was merely a substitute, with no definite contract to teach at any time.

It is suggested that the provision in section 28-4307 Burns Ann. St. 1933 (§6003 Baldwin's), *supra,* for a schedule of compensation is optional with the school board, and the provision "that such schedule may be changed by such school corporation on or before May first of any year," is also optional, and permissive only, and that therefore the board may change the schedule at any time. But we construe the statute to mean that, if the schedule is changed, it must be on or before the first of May to be effective for the following school year.

The facts are not in dispute, and, in view of our conclusion that the appellant is a tenure teacher, and that the schedule of compensation affecting her contract was not changed, and that she was not notified of a change at the time provided by statute, she is entitled to recover the compensation that she was receiving the previous year, or $95 per month.

Judgment reversed, with instructions to enter judgment for appellant for $855, and costs.

Roll, J., absent.