620 So.2d 1116 (1993)
Charles Anthony REILLY, et al., Appellants,
v.
Angelo BARRERA, et al., Appellees.
No. 92-2902.
District Court of Appeal of Florida, Fifth District.
July 2, 1993.
*1117 James Michael Murray, Rockledge, for appellants.
Joe Teague Caruso, Merritt Island, for appellees.
PER CURIAM.
Charles and Vera Reilly (the Reillys) appeal the amended final judgment denying their counterclaim for special damages, prejudgment interest, and attorney's fees. We find the Reillys' contentions concerning interest and attorney's fees have merit and reverse.
At the conclusion of a series of land transactions, the Reillys held a promissory note and fourth[1] wraparound purchase money mortgage executed by Angelo and Maria Barrera (the Barreras). While the terms of this note and mortgage unconditionally permitted prepayment, the promissory note and third wraparound purchase money mortgage held by a third party[2] specifically conditioned prepayment on that party's approval, which the party refused to give. This mortgage was recorded in the Public Records and, in addition, the fourth wraparound mortgage was specifically made subordinate and subject to the third wraparound mortgage.
The Barreras filed an action in equity seeking an order allowing them to prepay the outstanding mortgages on their property and paid the full amount owed into the court's registry. Prepayment of the fourth mortgage, however, was conditioned upon the Barreras' receipt of satisfactions of all outstanding mortgages. The Barreras also stopped making the monthly mortgage payments based on a repayment schedule which had been renegotiated with the Reillys, which schedule provided for three lump sum payments. There was a dispute as to whether the parties contemplated that monthly payments would continue. The Reillys counterclaimed, alleging the Barreras had defaulted under the terms of the note by failing to make the monthly payments required therein. The Reillys explicitly did not seek to accelerate the debt.
Upon consideration of the terms of the notes and mortgages involved and the evidence presented, we hold that the trial court correctly denied the equitable relief sought by the Barreras and ordered the Barreras to resume the monthly payments. There was ample evidence to support the trial court's conclusion that monthly payments should continue. The trial court gave the Barreras 45 days to make full payment of the past due amounts. The trial court did not, however, award the Reillys interest on the past due installment payments nor did it award the Reillys their attorney's fees.
When the trial court allowed the Barreras to make up the missed installment payments without making any provision for interest on those payments from the date of default, the trial court failed to recognize an important element of damages. A monthly installment note (although it includes principal and interest) is nothing less than a series of "debts" accruing *1118 in successive months. Whenever it is ascertained that at a particular time money ought to have been paid, interest attaches as an incident.[3]See Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985). The creditor who sues for the delinquent installments instead of accelerating the entire debt is entitled to interest at the contract rate (or the legal rate if the contract is silent) from the date of the individual defaults. It should be noted that once the creditor receives a judgment for these delinquent payments together with prejudgment interest, the debtor should be credited against any remaining indebtedness as though the payments had been timely made. The Reillys were wrongfully deprived of the monthly installments for over two years. Accordingly, the Reillys were entitled to prejudgment interest at the note rate of 11 percent simple interest. While the aggregate of the prejudgment interest due on each installment may not be substantial, it is, nevertheless, due. On remand, further evidence should be taken to determine the interest thus accrued.
We further hold that the trial court erred in failing to award the Reillys attorney's fees. Pursuant to the unambiguous terms of the note, the Reillys were entitled to said fees. Upon remand, attorney's fees should be awarded.
AFFIRMED in part; REVERSED in part; REMANDED.
HARRIS and DIAMANTIS, JJ., and STROKER, R.J., Associate Judge, concur.
NOTES
[1] By the time of trial, the first and second mortgages had apparently been satisfied so that only the third and fourth are involved in this appeal.
[2] This third party was not made a party to the action below.
[3] In Sullivan v. McMillan, 37 Fla. 134, 19 So. 340, 343 (1896), the court stated:

As soon as it is the legal duty of the defendant to pay, he is liable for interest.
* * * * * *
An examination of the authorities shows that the principles quoted above are sustained by various decisions. In State v. Lott, 69 Ala. 147 [1881], it is said: "Interest in this state has long been regarded, not as the mere incident of a debt, attaching only to contracts, express or implied, for the payment of money, but as compensation for the use or for the detention of money. Whenever it is ascertained that at a particular time money ought to have been paid, whether in satisfaction of a debt, or as compensation for a breach of duty, or for a failure to keep a contract, interest attaches as an incident."