831 N.E.2d 1239 (2005)
PIKE TOWNSHIP EDUCATIONAL FOUNDATION, INC., d/b/a MSD Pike Township, a non profit corporation, Appellant-Defendant,
v.
Dr. Albert S. RUBENSTEIN, Appellee-Plaintiff.
No. 49A02-0501-CV-57.
Court of Appeals of Indiana.
July 29, 2005.
*1240 John P. Daly, Jr., Stephenson Morow & Semler, Indianapolis, for Appellant.
Kimberly D. Jeselskis, Macey Swanson and Allman, Indianapolis, for Appellee.

OPINION
BARNES, Judge.

Case Summary
Pike Township Educational Foundation, Inc., d/b/a Metropolitan School District of Pike Township, a non-profit corporation, ("Pike Township"), appeals the trial court's grant of partial summary judgment in favor of Dr. Albert S. Rubenstein, ("Dr. Rubenstein"). We affirm.

Issue
The sole issue for our review is whether the trial court erred in granting Dr. Rubenstein's partial summary judgment motion.

Facts
In July 2001, Pike Township hired Dr. Rubenstein to teach biology at Pike High School in Indianapolis for the 2001-02 school year. Although Dr. Rubenstein did not have a standard teaching license, he applied for and received a limited teaching license in August 2001. In November 2001, Dr. Rubenstein signed a teacher's contract with Pike Township that expired on May 30, 2002.
On May 7, 2002, Dr. Rubenstein received an e-mail indicating that Mr. Rollins, the Pike High School principal, wanted to meet with Dr. Rubenstein in the principal's office the following day. During the May 8, 2002, meeting, Mr. Rollins verbally informed Dr. Rubenstein that Pike Township would not be renewing his teaching contract for the following school year. Dr. Rubenstein never received a written notification from Pike Township either in person or at his home through regular or certified mail regarding the nonrenewal of his contract. The 2001-02 school year was the first and only year that Dr. Rubenstein had a teaching contract with Pike Township.
*1241 Dr. Rubenstein filed a complaint against Pike Township alleging that the school district had violated Indiana Code Section 20-6.1-4-14, a notice provision of the Indiana Code governing teacher's contracts, and breached an implied contract. Thereafter, Dr. Rubenstein filed a motion for partial summary judgment on the count alleging a violation of the statutory provision. The trial court granted the motion, and this court accepted jurisdiction of Pike Township's interlocutory appeal.

Analysis
Summary judgment is proper if the evidence shows that there is no issue of material fact and the moving party is entitled to judgment as a matter of law. Indiana Trial Rule 56(C); Lake Central Sch. Corp. v. Hawk Dev. Corp., 793 N.E.2d 1080, 1083 (Ind.Ct.App.2003), trans. denied. Where, as here, the relevant facts are not in dispute and the interpretation of a statute is at issue, such statutory interpretation presents a pure question of law for which summary judgment disposition is particularly appropriate. See Lake Central, 793 N.E.2d at 1084. Further, where the issue presented on appeal is a pure question of law, we review the matter de novo. Id.
Indiana Code Chapter 20-6.1-4 governs teacher's contracts. The statute sets forth a hierarchical structure of teacher classification: nonpermanent, semi-permanent, and permanent. Ostrander v. Bd. of Dirs. of Porter County Educa. Interlocal, 650 N.E.2d 1192, 1194 (Ind.Ct.App.1995), trans. denied. A permanent teacher is one who "serves under contract as a teacher in a public school corporation for five or more successive years . . . and . . . at any time enters into a teacher's contract for further service with that school corporation." Ind.Code § 20-6.1-4-9. A semi-permanent teacher is one who "serves under contract as a teacher in a public school corporation for two successive years . . . and . . . at any time thereafter enters into a teacher's contract for further service with that school corporation . . . and is not a permanent teacher as defined by IC 20-6.1-4-9." I.C. § 20-6.1-4-9.5. Lastly, teachers with service less than that enumerated above are nonpermanent teachers. Ostrander, 650 N.E.2d at 1194.
Here, Dr. Rubenstein taught in Pike Township for one year. He was therefore a nonpermanent teacher. Although nonpermanent teachers are entitled to minimal due process protection, id., school officials are required to adhere to statutory procedures when informing a nonpermanent teacher of his or her contract renewal. Specifically, Indiana Code Section 20-6.1-4-14 provides as follows:
(a) Each contract entered into by a nonpermanent teacher and a school corporation continues in force on the same terms and for the same wages . . . for the next school term following the date of termination set in the contract. However, the contract does not continue if any of the following occur:
(1) On or before May 1, the school corporation notifies the teacher that the contract will not continue for the next school term. This notification must be:
(A) written; and
(B) delivered in person or mailed by registered or certified mail to the teacher at the teacher's last known address. . . .
Here, Pike Township neither notified Dr. Rubenstein by May 1, 2002, that his contract would not be renewed for the 2002-03 school year nor provided written notice of the nonrenewal delivered to Dr. Rubenstein either in person or through registered or certified mail to his last known address. Rather, the Pike High School principal verbally notified Dr. Rubenstein of the nonrenewal on May 8, *1242 2002. This does not comply with Indiana Code Section 20-6.1-4-14.
Nevertheless, Pike Township argues that because Dr. Rubenstein had a limited rather than a standard teaching license, the school corporation was not bound by the statutory notice requirements. Our review of the statute reveals no exception for teachers who have limited rather than standard licenses. We are compelled to follow the applicable statute.

Conclusion
Because Pike Township failed to comply with the notice provision of the Indiana Code section governing teacher's contracts, the trial court did not err in granting Dr. Rubenstein's motion for partial summary judgment. We affirm.
Affirmed.
KIRSCH, C.J., and BAKER, J., concur.